IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff-Respondent,<br><br>v.<br><br>SERGIO RUBALCABA-RAMIREZ,<br>    Defendant-Movant. | §<br>§<br>§<br>§<br>§<br>§<br>§ | Cr. No. C-07-18 (1) |

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO REDUCE SENTENCE

Pending before the Court is a *pro se* letter motion filed by Defendant Sergio Rubalcaba-Ramirez ("Rubalcaba"), which the Clerk is directed to docket as a motion to reduce sentence. Although the letter was addressed to United States Magistrate Judge B. Janice Ellington, it asks for a reduction in the sentence imposed by this Court. Accordingly, the motion is properly before this Court.

Rubalcaba waived his right to a jury trial and was found guilty by this Court of a single count of possession with intent to distribute approximately six kilograms of cocaine. (Presentence Investigation Report at ¶¶ 1-2.) He was sentenced by this Court on August 3, 2007 to a 120-month term in the custody of the Bureau of Prisons. (D.E. 59, 59.) He appealed, and the Fifth Circuit affirmed the judgment of this Court. (D.E. 89.) Rubalcaba subsequently filed a petition for writ of certiorari, which was denied. (D.E. 92.)

In the pending motion, Rubalcaba asks for a reduction in his sentence in the form of either: (1) an order that he serve the remainder of his sentence on home confinement; or (2)

an order of immediate deportation. He seeks this relief based on his age and medical condition. Specifically, he explains that he is seventy-three years old and is "very sick and ill." He states that he has been taken to an outside hospital more than fifteen times, has had four bypass heart surgeries, an open-heart surgery, and repeated heart attacks.[1] He claims that he "knows for a fact" that he doesn't have long to live. He further states that his doctor told him that he has approximately six months to live.

Although Rubalcaba does not identify any statute pursuant to which he seeks relief, the Court construes his motion as requesting a reduction in sentence pursuant to 18 U.S.C. § 3582. This Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons ("BOP") moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. See § 3582(c).

---

[1] Mr. Rubalcaba's age and illnesses were also raised by defense counsel as grounds for a downward departure at sentencing. (See D.E. 53, Objections to PSR at 4.) The Court indicated at that time that it believed Rubalcaba should receive consideration for his health, which the Court described as "bad." The Court was constrained, however, by the statutory mandatory minimum, and thus declined to downwardly depart on health grounds. (D.E. 76, Sentencing Transcript at 14-15.)

2

Rubalcaba's grounds for relief do not fall within any of the categories above. His claims of extremely ill health would entitle him to relief under Section 3582(c)(1)(A)(i) only if the BOP filed a motion with the Court requesting the reduction and the Court found that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). To date, however, no such motion has been filed by the BOP on behalf of Rubalcaba.

Moreover, the BOP's policy on "compassionate releases" appears to be that the BOP will move for a reduction in sentence under § 3582 only if a prisoner is suffering from a serious medical condition that is generally terminal, with a determinate life expectancy. In Williams v. Van Buren, 117 Fed. Appx. 985 (5th Cir. Dec. 20, 2004), for example, the BOP informed the court in Williams that it generally restricts the application of § 3582(c)(1)(A)(i) to inmates diagnosed with medical conditions that are terminal within one year or who suffer from severely debilitating and irreversible conditions that render them unable to provide self-care. In that case, a prisoner with cancer in remission did not satisfy the BOP's criteria and so the BOP refused to move for her early release. The Fifth Circuit affirmed the district court's denial of the prisoner's § 2241 claim, which challenged both the BOP's failure to move for her release, and the rule pursuant to which it did so. Williams, 117 Fed. Appx. 985; see also United States v. Guerrero, 166 Fed. Appx. 757 (5th Cir. Feb. 15, 2006) (district court properly denied a federal prisoner's motion for reduced sentence under 18 U.S.C. § 3582(c)(1)(A)(i) where the prisoner alleged he had a heart condition, but did not allege that

3

he had an illness from which he would die within a year or a medical condition rendering him unable to provide self-care).

Rubalcaba's medical condition, as described by him, may meet the BOP's criteria for a "compassionate release." That is, while he does not allege that his condition renders him unable to provide self-care, he does allege that his doctor has told him he has six months to live. At the Court's request, the United States Probation Office sought and obtained information concerning Rubalcaba's medical condition from the Bureau of Prisons. Specifically, the USPO was provided information from John Womble, M.D., who identifies himself as the University of Texas Medical Branch ("UTMB") Clinical Director. According to Dr. Womble, Rubalcaba "requires assistance in daily living, cardiac monitoring (AICD) and Oxygen as needed basis," but "[h]is prognosis is good at present time." (See Exhibit 1 to this Order.) If Dr. Womble's statements are to be believed, then Rubalcaba may not meet the BOP's criteria.

In any event, it is the Bureau of Prisons that must make the determination as to whether Rubalcaba's medical conditions are sufficient to warrant early release. Notably, Rubalcaba's letter motion does not indicate whether he has sought such relief from the Bureau of Prisons. Absent a motion from the BOP, the Court lacks authority to reduce his term of imprisonment.

## **CONCLUSION**

For the foregoing reasons, Rubalcaba's motion for a reduction in sentence or for early release is DENIED. The Clerk is directed to docket Rubalcaba's letter as a motion for reduction in sentence and is further directed to docket Dr. Womble's October 14, 2009 letter as a sealed attachment to this Order.

It is so ORDERED this 12th day of November, 2009.

```
                    Hayden Head
                    _____
                    HAYDEN HEAD
                    CHIEF JUDGE
```